U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF VERMONT**

2019 APR -8  PM 3: 44

CLERK

BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. _____ |
| | ) | |
| *v.* | ) | 2:19·cv- 51 |
| | ) | |
| ONE 2012 MINI COOPER S, | ) | |
| VIN: WMWSV3C5XCTY25420, | ) | |
| and $2,275.00, MORE OR LESS, | ) | |
| IN UNITED STATES CURRENCY, | ) | |
| | ) | |
| *Defendants in rem.* | ) | |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

Plaintiff, the United States of America (the "United States"), by and through its attorney,

Christina E. Nolan, United States Attorney for the District of Vermont, brings this complaint and

alleges, upon information and belief, as follows in accordance with Rule G(2) of the Supplemental

Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

**NATURE OF THE ACTION**

1.      This is a civil action *in rem* to forfeit and condemn to the use and benefit of the

United States all right, title, and interest in the above-named defendants *in rem*, to wit, one 2012

Mini Cooper S, VIN: WMWSV3C5XCTY25420 (the "Defendant Vehicle"), and $2,275.00, more

or less, in United States currency (the "Defendant Currency").

2.      The Defendant Vehicle is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4)

because it is a conveyance that was used, or intended to be used, to transport, or to facilitate the

transportation, sale, receipt, possession, or concealment, of a controlled substance in violation of

the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*

1

3.      The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes moneys furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, proceeds traceable to such an exchange, or moneys used or intended to be used to facilitate such an exchange.  It is also subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it constitutes proceeds derived from "specified unlawful activity" as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D), namely, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance.

## THE DEFENDANTS IN REM

4.      The Defendant Vehicle is more fully described as one 2012 Mini Cooper S, VIN: WMWSV3C5XCTY25420, with Vermont Registration HHX284, which the Vermont State Police ("VSP") seized from Carmen Martocci of Putney, Vermont, on October 11, 2018, following a traffic stop of the Defendant Vehicle in or about Putney, Vermont.

5.      The Defendant Currency is more fully described as a sum of United States currency totaling $2,275.00, more or less, which the VSP seized from Martocci on October 11, 2018, following the execution of a search warrant on the Defendant Vehicle.  At the time of its seizure, the Defendant Currency consisted of three bundles of cash, each of which consisted predominantly of small-denomination bills, and all of which was located inside of a purple backpack that was found on the front passenger-side floorboard of the Defendant Vehicle.

6.      The Federal Bureau of Investigation ("FBI") subsequently adopted the defendants *in rem* for forfeiture pursuant to 21 U.S.C. § 881.  The FBI thereafter converted the Defendant Currency into electronic funds and transferred possession, custody, and control of the funds to the United States Marshals Service at Burlington, Vermont, within the District of Vermont, for deposit and safekeeping pending forfeiture.

2

## JURISDICTION AND VENUE

7.      The Court has subject-matter jurisdiction over this civil action *in rem* pursuant to

28 U.S.C. §§ 1345 and 1355(a) because this is a civil action commenced by the United States for

purposes of enforcing a forfeiture incurred under an Act of Congress.

8.      The Court has *in rem* jurisdiction over the defendants *in rem* pursuant to 28 U.S.C.

§§ 1355(b)(1)(B) and 1395(b) because the defendants *in rem* were seized within this district.  In

accordance with Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and

Asset Forfeiture Actions, the United States requests that the Clerk of Court issue a warrant to arrest

the defendants *in rem* upon the filing of this complaint.

9.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b)

because the defendants *in rem* were seized within this district.

## FACTUAL ALLEGATIONS

### *The Unlawful Nature of the Defendant Vehicle and the Defendant Currency*

10.     On October 10, 2018, at approximately 11:45 p.m., a VSP sergeant observed the

Defendant Vehicle exit Interstate 91 northbound at Exit 4 in Putney, Vermont, and approach the

intersection of the Interstate 91 off ramp and Putney Landing Road.

11.     The sergeant observed the operator of the Defendant Vehicle turn left onto Putney

Landing Road without using a turn signal.

12.     The sergeant followed the Defendant Vehicle on Putney Landing Road and

observed the operator of the Defendant Vehicle approach the next intersection and turn right onto

US Route 5 without using a turn signal.

13.     The sergeant activated the emergency blue lights on his police vehicle and

conducted a motor vehicle stop of the Defendant Vehicle on US Route 5 near the People's Bank

in Putney, Vermont.

14.     The sergeant approached the Defendant Vehicle on its passenger side and observed that the vehicle was occupied solely by Martocci, who the sergeant recognized from prior law enforcement encounters.

15.     Martocci is known to law enforcement as a user of heroin and crack cocaine.  She is also known to be involved in the sale and trafficking of heroin and crack cocaine in and about the area of Brattleboro, Vermont.

16.     Martocci identified herself with a Vermont Motor Vehicle Operator's License.

17.     Martocci is a resident of Putney, Vermont.

18.     Martocci explained to the sergeant that she had driven from Putney to the Irving Circle K gas station located on US Route 5 just off of Interstate 91 at Exit 1 in Brattleboro to purchase a beverage.

19.     The sergeant knew from law enforcement training and experience that the Irving Circle K gas station located off of Interstate 91 at Exit 1 in Brattleboro is a common meeting place for the illegal exchange of narcotics.

20.     When the sergeant asked Martocci why she had not instead purchased a beverage at the 24-hour Sunoco gas station located just off of Interstate 91 at Exit 4 in Putney, Martocci was unable to offer an intelligible response.

21.     The sergeant asked Martocci whether she had ingested any drugs that evening and Martocci advised that she had not used illegal narcotics for several weeks.

22.     The sergeant moved to the driver's side of the Defendant Vehicle to more closely inspect Martocci's eyes for possible signs of impairment.

23.     Once on the driver's side of the Defendant Vehicle, the sergeant observed there to be a semi-transparent plastic container inside of the open chest pocket of Martocci's tee shirt.

4

24.     The sergeant observed that the inside of the semi-transparent plastic container was smeared with an off-white pasty material that was consistent with crack cocaine.

25.     When the sergeant asked Martocci about the substance in the plastic container, Martocci initially advised that the substance was cosmetics residue, but she soon thereafter admitted that the substance was crack cocaine.

26.     Martocci produced the plastic container to the sergeant, who observed that the entire inside of the container and portion of the outside of the container was smeared with a significant amount of crack cocaine residue.

27.     Martocci thereafter consented to a search of her person.

28.     During a search of Martocci's person, the sergeant located a glass object that he knew to be a crack pipe.

29.     The sergeant observed that the crack pipe contained copper padding in one end and he further observed that there was a white and brown cloudy residue throughout the pipe, indicating that the pipe had been used several times.

30.     The sergeant knew from law enforcement training and experience that persons involved in the drug trade often use motor vehicles in the commission of their crimes, particularly in rural areas such as Vermont.

31.     The sergeant sought Martocci's consent to a search of the Defendant Vehicle, but Martocci refused such consent, so the sergeant arranged for the Defendant Vehicle to be transported to the VSP barracks in Westminster, Vermont, where it would be stored while the sergeant applied for a warrant to search the vehicle.

32.     The sergeant followed the Defendant Vehicle as it was transported from the scene of the traffic stop in Putney to the Westminster barracks.

33.     Upon arrival at the Westminster barracks, the sergeant secured the Defendant Vehicle within the barracks sally-port bay.

34.     While at the barracks, the sergeant obtained samples of the suspected cocaine residue from both the crack pipe and the plastic container that he found on Martocci's person and he then used a cocaine NIK field test kit to independently test each sample for cocaine.

35.     Both samples tested positive for cocaine.

36.     Based on the foregoing facts and other evidence, the sergeant obtained from the Vermont Superior Court a warrant to search the Defendant Vehicle for controlled substances.

37.     On October 11, 2018, at approximately 8:35 p.m., the sergeant and two other members of the VSP executed the search warrant on the Defendant Vehicle at the Westminster barracks.

38.     During the search of the Defendant Vehicle, the following items were located:

   a.     1 black Samsung cell phone;

   b.     13 fentanyl transdermal patches (25 mcg/h each), which were located in a plastic pad-locked box that was located in the trunk of the Defendant Vehicle;

   c.     38 methadone pills (10 mg. each), which were divided equally between two tied-off sandwich bags and located in the above-referenced pad-locked box;

   d.     100 bags of suspected heroin that were packaged as 2 taped bricks, each of which contained 5 bundles of heroin (the street term for 10 bags of heroin), all of which was located inside of a purple backpack that was located on the front passenger-side floorboard of the Defendant Vehicle;

   e.     3 bundles of cash, each of which consisted predominantly of small-denomination bills, two of which were secured with small tan rubber bands that are commonly used to secure bundles of heroin, and all three of which were located in the purple backpack; it was later determined that this cash totaled $2,275.00 (the Defendant Currency);

f.   33 amphetamine pills (20 mg. each), which were located inside of a small plastic bag that was located in the purple backpack;

g.   16 oxycodone pills (15 mg. each), which were located inside of a small plastic bag that was located in the purple backpack;

h.   10 Suboxone strips (8 mg. each), which were located inside of an envelope that was located in the purple backpack.

i.   4 morphine pills (100 mg. each), which were located inside of a metal screw-top container that was located in the purple backpack;

j.   4 hydromorphone pills (8 mg. each), which were located in the purple backpack; and

k.   7 sandwich bags of suspected marijuana, each of which contained 3 to 5 grams of marijuana, and all of which collectively weighed 22.4 grams (without the packaging) and was split between two glass mason jars that were located in a red shoebox alongside 7 empty sandwich bags;

39.   The sergeant obtained a sample of the suspected heroin that was found in the purple backpack and he then used a heroin NIK field test kit to test the sample for heroin.

40.   The sample tested positive for heroin.

41.   The sergeant also obtained a sample of the suspected marijuana that was found in the red shoebox and he then used a marijuana NIK field test kit to test the sample for marijuana.

42.   The sample tested positive for marijuana.

43.   Based on the foregoing facts and other evidence of illegal drug activity, Martocci was arrested by the VSP and charged with a number of drug-related offenses under Vermont law, including, but not limited to, knowingly and unlawfully possessing 1 gram or more of heroin in violation of 18 V.S.A. § 4233(a)(3), which is a felony offense punishable by a term of imprisonment of up to 10 years and a fine of up to $250,000.00.

## *Administrative Forfeiture Proceedings*

44.     On or about October 31, 2018, the FBI adopted the Defendant Vehicle and the Defendant Currency from the VSP and thereafter commenced administrative proceedings to forfeit such property pursuant to 21 U.S.C. § 881.

45.     The FBI published notice of the forfeiture proceedings on an official internet government forfeiture site (www.forfeiture.gov) for thirty consecutive days in accordance with 28 C.F.R. § 8.9(a).  Notice of the proceedings to forfeit the Defendant Vehicle was published from December 21, 2018, through January 19, 2019.  Notice of the proceeding to forfeit the Defendant Currency was published from January 11, 2019, through February 9, 2019.

46.     The FBI also provided personal written notice of the forfeiture proceedings to Martocci in accordance with 18 U.S.C. § 983(a) and 28 C.F.R. § 8.9(b).

47.     On January 7, 2019, the FBI received from Martocci an administrative claim in which she asserted a 100-percent ownership interest in the Defendant Vehicle.  Included with her claim was a photocopy of the title certificate for the Defendant Vehicle, which appears to show that Martocci holds such title free of any liens.

48.     On February 7, 2019, the FBI received from Martocci an administrative claim in which she asserted a 100-percent ownership interest in the Defendant Currency.

49.     To date, no other person has filed an administrative claim with respect to either the Defendant Vehicle or the Defendant Currency and, pursuant to 18 U.S.C. § 983(a)(2), the time for filing such an claim has expired.

## FIRST CLAIM FOR RELIEF
### (Forfeiture of the Defendant Vehicle Pursuant to 21 U.S.C. § 881(a)(4))

50.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 49 above as if fully set forth here.

51.    Pursuant to 21 U.S.C. § 881(a)(4), all conveyances, including vehicles, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment, of a controlled substance shall be subject to forfeiture to the United States and no property right shall exists in such conveyance.

52.    Pursuant to 21 U.S.C. § 812 and 21 C.F.R. Part 1308: (a) heroin and marijuana are Schedule I controlled substances; (b) cocaine, fentanyl, amphetamine, oxycodone, morphine, hydromorphone, and methadone are Schedule II controlled substances; and (c) Suboxone is a Schedule III controlled substance.

53.    The Defendant Vehicle is a conveyance that was used to transport, or to facilitate the transportation, sale, receipt, possession, or concealment, of numerous controlled substances in violation of the Controlled Substances Act.

54.    Accordingly, all right, title, and interest in the Defendant Vehicle is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(4).

## SECOND CLAIM FOR RELIEF
### (Forfeiture of the Defendant Currency Pursuant to 21 U.S.C. § 881(a)(6))

55.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 49 above as if fully set forth here.

56.    Pursuant 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act, proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange, shall be subject to forfeiture to the United States and no property rights shall exist in such moneys or proceeds.

57.    Pursuant to 21 U.S.C. § 812 and 21 C.F.R. Part 1308: (a) heroin and marijuana are Schedule I controlled substances; (b) cocaine, fentanyl, amphetamine, oxycodone, morphine,

hydromorphone, and methadone are Schedule II controlled substances; and (c) Suboxone is a

Schedule III controlled substance.

58.     Pursuant to 18 U.S.C. § 984(a)(2), in any forfeiture action *in rem* in which the

subject property is cash, any identical property found in the same place as the property involved

in the offense that is the basis for the forfeiture shall be subject to forfeiture, so long as the action

to forfeit such identical property is commenced within one year from the date of the offense that

is the basis for the forfeiture.

59.     The Defendant Currency constitutes moneys furnished or intended to be furnished

by a person in exchange for a controlled substance in violation of the Controlled Substances Act,

proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate

such an exchange.

60.     Accordingly, all right, title, and interest in the Defendant Currency is subject to

forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 984(a)(2).

## THIRD CLAIM FOR RELIEF
### (Forfeiture of the Defendant Currency Pursuant to 18 U.S.C. § 981(a)(1)(C))

61.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1

through 49 above as if fully set forth here.

62.     Pursuant to 18 U.S.C. § 981(a)(1)(C), any personal property that constitutes or is

derived from proceeds traceable to any offense constituting "specified unlawful activity," as that

term is defined in 18 U.S.C. § 1956(c)(7), is subject to forfeiture to the United States.

63.     Pursuant to 18 U.S.C. § 1956(c)(7)(A), the term "specified unlawful activity"

includes any act or activity constituting an offense listed in 18 U.S.C. § 1961(1), except an act that

is indictable under Subchapter II of Chapter 53 of Title 31 of the U.S. Code.  This definition of

"specified unlawful activity" includes the offenses listed in 18 U.S.C. § 1961(1)(D), including the

felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance.

64.     Pursuant to 21 U.S.C. § 812 and 21 C.F.R. Part 1308: (a) heroin and marijuana are Schedule I controlled substances; (b) cocaine, fentanyl, amphetamine, oxycodone, morphine, hydromorphone, and methadone are Schedule II controlled substances; and (c) Suboxone is a Schedule III controlled substance.

65.     Pursuant to 18 U.S.C. § 984(a)(2), in any forfeiture action *in rem* in which the subject property is cash, any identical property found in the same place as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture, so long as the action to forfeit such identical property is commenced within one year from the date of the offense that is the basis for the forfeiture.

66.     The Defendant Currency constitutes or is derived from proceeds traceable to an offense constituting "specified unlawful activity," as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D), namely, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance.

67.     Accordingly, all right, title, and interest in the Defendant Currency is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 984(a), 1956(c)(7), and 1961(1)(D).

### RELIEF REQUESTED

WHEREFORE, the United States respectfully requests that all right, title, and interest in the defendants *in rem* be forfeited and condemned to the use and benefit of the United States, that the United States be authorized to dispose of the defendants *in rem* in accordance with law, and that the United States be granted such other and further relief as the Court deems just and proper.

Dated at Burlington, in the District of Vermont, this 8th day of April, 2019.

Respectfully submitted,

CHRISTINA E. NOLAN
United States Attorney

By: _____

BENJAMIN WEATHERS-LOWIN
Assistant United States Attorney
United States Attorney's Office
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
Ben.Weathers-Lowin@usdoj.gov

*Attorney for the United States*

12

## **VERIFICATION**

I, Colin Simons, a Special Agent with the Federal Bureau of Investigation, hereby verify under penalty of perjury that I have read the foregoing complaint and that the contents thereof are true and correct to the best of my knowledge, information, and belief.

Dated at Burlington, in the District of Vermont, this 8th day of April, 2019.

COLIN SIMONS
Special Agent, FBI

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS
United States of America

**DEFENDANTS**
One 2012 Mini Cooper S, VIN: WMWSV3C5XCTY25420; and
$2,275.00, More or Less, in U.S. Currency

**(b)**  County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)
Benjamin Weathers-Lowin, Assistant U.S. Attorney
11 Elmwood Ave., 3rd Floor, Burlington, VT 05401     (802) 951-6725

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☒ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☒ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

## V. ORIGIN   (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
21 U.S.C. § 881(a); 18 U.S.C. § 981(a)(1)(C)
Brief description of cause:
Forfeiture of in rem defendant as property and money derived from, or involved in, illegal drug-related activities

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ (Forfeiture)
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE   04/08/2019
SIGNATURE OF ATTORNEY OF RECORD   _[signature]_

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE CR 1012  MAG. JUDGE _____

2:19 CV·51